IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE HACKNEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT SHANNON, et al. | : | No. 06-3490 |

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                                January     , 2007

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Wayne Hackney ("Petitioner"), an individual currently incarcerated in the Frackville State Correctional Institution. For the reasons that follow, I recommend that the petition be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

On June 15, 2000, Petitioner entered a negotiated plea of guilty to third degree murder and burglary charges, before the Honorable Renee C. Hughes, Court of Common Pleas of Philadelphia County. The crimes relate to an incident that occurred on June 28, 1992. According to state court records, Petitioner entered the home of a 73 year-old woman with the intent to commit a theft. After entering the home, Petitioner beat and strangled the woman to death. Judge Hughes sentenced Petitioner to a term of ten (10) to twenty (20) years of imprisonment for third degree murder, and a consecutive term of five (5) to ten (10) years of imprisonment for the burglary charge.

Petitioner failed to file a direct appeal. On October 29, 2003, Petitioner filed a "Motion for Consideration Nunc Pro Tunc" which was denied on November 6, 2003.

On November 17, 2004, Petitioner filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Counsel appointed to represent Petitioner subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that she had reviewed the entire record and concluded that Petitioner's PCRA petition was untimely and no exception to the time bar applied. On May 18, 2005, the PCRA court dismissed Petitioner's petition.[1] Commonwealth v. Hackney, No. 9910-0666 (Phila. Ct. Com. Pl. May 18, 2005). The Superior Court affirmed the denial of PCRA relief on June 16, 2006. Commonwealth v. Hackney, 905 A.2d 1043 (Pa. Super. 2006) (table). Petitioner did not seek allocatur from the Pennsylvania Supreme Court.

On August 2, 2006,[2] Petitioner filed a petition for a federal writ of habeas corpus claiming that his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of the plea. Respondents have filed an answer asserting that Petitioner is not entitled to federal habeas relief because the instant petition is time-barred under the Anti-

---

[1]Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

[2]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Petitioner signed his habeas petition on August 2, 2006; therefore, I will assume that he presented his petition to prison authorities on that date.

Terrorism and Effective Death Penalty Act ("AEDPA").

**DISCUSSION:**

### I. Statute of Limitations

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

3

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).  Petitioner's conviction became final on July 15, 2000, when his time for filing a timely direct appeal in the Pennsylvania Superior Court expired.  He then had until July 15, 2001, to file a timely federal habeas petition, unless the limitation period tolled.

On November 17, 2004 – over three (3) years after his one (1) year federal statute of limitations expired – Petitioner filed his first PCRA petition.  Because this petition was not filed in accordance with Pennsylvania's procedural requirements, it is not considered a "properly filed application" for post-conviction relief, and would not toll the one (1) year limitation period.  See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, **the time limits upon its delivery**, the court and office in which it must be lodged, and the requisite filing fee") (emphasis added).  Consequently, the time during which this application was pending would not impact this court's calculations regarding the one (1) year limitation period.

Petitioner submitted the instant motion for filing on August 2, 2006, over five (5)

years after the limitation period had expired on July 15, 2001.  He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered.  See 28 U.S.C. § 2244(d)(1)(B)-(D).  Consequently, Petitioner would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

## II.   Equitable Tolling

The Third Circuit has determined that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar.  See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (citation omitted).  "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted).  The Third Circuit has set forth three (3) circumstances in which equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).  "In

non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases).

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Petitioner presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so. In fact, Petitioner presents no evidence in support of any claim. Because Petitioner has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair. Consequently, Petitioner's petition must be dismissed as untimely.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this      day of January, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

                                              s/Peter B. Scuderi
                                              PETER B. SCUDERI
                                              UNITED STATES MAGISTRATE JUDGE